## EXCLUSIVE CONTRACTS FOR SALE OF PROPERTY.

.  Municipal Court of Dayton.

JAMES K. DAVIS, VS. A. D. SNOW ET AL.

Decided, April 5, 1923.

*Real Estate Brokers—Construction of Exclusive Contract for Sale—*
*Formal Contracts Should be Construed against the Brokers who*
*Prepare Them—An "Exchange" is not a "Sale."*

A contract for the exclusive sale of property, entered into between
a broker and the property owner and incorporated in a printed
form provided by the broker, will be construed against the
broker; and where the contract speaks only of a "sale" of the
property, and the property owner, through his own efforts en-
tirely effects an exchange for other property in which no money
passed, the broker is not entitled to a commission.

*Virgil Schaeffer,* for plaintiff.
*Munger & Kennedy,* for defendant.

WISEMAN, J.

The plaintiff in this case has brought suit for commission
which he claims is due him on the sale of the defendants'
property. In his statement of claim the plaintiff alleges that
he and the defendant entered into a contract, whereby the
defendants agreed to pay the plaintiff a commission if he
would sell their property or obtain a purchaser for the same,
and that in consideration of his efforts to sell said property
the plaintiff should be entitled to his commission if said prop-
erty should be sold by the plaintiff, by the defendants, or
any other person, at a price acceptable to the defendants
during the life of said contract.

In support of the statement of claim, the plaintiff has in-
troduced into evidence a written contract, giving plaintiff the
exclusive right to sell said property within three months.
The testimony further shows, which is uncontradicted, that
during the life of said contract the defendants exchanged
said property for other real estate and that the plaintiff, the
agent, did nothing in procuring the exchange. The testimony

shows that the transaction was an out and out trade, or exchange of said property owned by the defendants for a piece of property transferred to them by one Arthur L. Beal. The defendants contend that they should not be liable to the plaintiff for commission since the defendants did not sell their property but merely exchanged it for another piece of property.

The authorities are numerous holding that on an exclusive contract, such as the. defendants executed to the plaintiff in this case, the plaintiff would be entitled to recover his commission in the event that during the life of said contract the defendants should sell said property through their own efforts. The consideration for said contract is the time, effort and money expended by the agent in an endeavor to obtain a purchaser and to make a sale for the owner.

The testimony in this case shows that the plaintiff did expend time and money and made an effort to obtain a purchaser. Therefore, the case resolves itself into a question as to whether the agent in this case has the right to recover his commission in the event an exchange is made by the owner instead of a sale.

Counsel for the plaintiff in his brief cites numerous authorities holding that where the agent had a contract to sell the property or obtain a purchaser, and through his efforts an exchange is made on terms acceptable to the owner, that the agent is entitled to his commission. These cases are not in point inasmuch as the court found, upon investigation of the cases cited, that the agent was the procuring cause of the exchange. There are numerous authorities on this proposition.

Some courts hold that the agent is entitled to his commission on the theory of a waiver of the terms of the contract, providing that he shall obtain his commission only in case of sale. Other courts hold that there is a modification of the terms of his employment, and still others place it upon the basis of the ratification of the acts of the agent. If an exchange is the same as a sale and one and the same thing in law, the court sees no reason why the courts should

place the recovery of the agent against the owner on the basis of waiver or modification of the terms of the contract, or the ratification of the agent's acts. In other words, these authorities hold that the exchange of the property in such case does not fall within the terms of the contract of employment with the agent, but falls entirely outside the terms of the contract, and therefore the courts seek some other ground on which the recovery may be based. In such case it is not necessary to decide, and the courts do not decide, whether an "exchange" is the same thing as a "sale," for in those cases the agent was the procuring cause of the transaction entered into by the owner. In this case it must be remembered that the plaintiff had nothing to do with the exchange of properties between the defendants in this case and Arthur L. Beal, but the plaintiff relies solely on the exclusive contract which he holds.

The court wishes to refer counsel to the case of *Steere & Ballah* v. *Gingery,* 21 S. D., 183 (1907). This was a case wherein the plaintiff alleged in his petition that the defendant entered into a contract to sell his lands and to pay a commission to the plaintiff if he should find a purchaser, and that the plaintiff did find a purchaser and the defendant did convey his lands to said purchaser. On the trial of the case the evidence proved an exchange of lands. At the end of the plaintiff's case the defendant moved to strike out the evidence on the ground of a variance. The court overruled the motion and instructed the jury that the transaction constituted a sale and not an exchange. The Supreme Court of South Dakota, in reviewing the proceedings in the lower court, in the decision, says:

"The court erred in holding that the contract was one of sale and not one of exchange, and therefore erred in denying the defendant's motion to strike out the evidence on the ground of variance.

"Under our code a sale is defined as follows:

" 'A sale is a contract by which, for a pecuniary consideration, called a price, one transfers to another an interest in property.'

"An exchange is defined as follows:

" 'An exchange is a contract by which parties mutually give or agree to give, one thing for another, neither thing, or both things, being money only.'

"In this case it is quite clear from the evidence that no sale was made or intended by either party to the transaction. Practically the two properties were exchanged one for the other; no money consideration passing on either side. Whether the transaction is an exchange of properties or a sale must depend very largely upon the nature of the transaction."

The statute of South Dakota defines a sale and an exchange of property and therefore the court in South Dakota would be bound to follow the distinction made in the code.

The court now must ascertain, if it wishes to give any weight to the South Dakota case, whether the definition of sale and exchange made in the code of South Dakota is different from that at common law. In Ohio we are governed by the distinction made at common law.

In Vol. 1 of Bouvier's Law Dictionary, Rawles' Third Revision, page 1109, the definition of an exchange is stated as follows:

"A mutual grant or equal interest in land, the one in consideration of the other."

On page 2983 of the same work, a sale is defined as follows:

"A contract by which property is transferred from the seller to the buyer for a fixed price in money paid or agreed to be paid by the buyer." *DeBary* v. *Dunne,* 172 Federal, 940.

In Black's Law Dictionary, second edition, page 458, an exchange is defined to be the same as found in Bouvier. On page 1053 of Black's Law Dictionary a sale is defined as follows:

"A transmutation of property from one man to another in consideration of some price or recompense in value." 2 Bl. Comm., 446.

" 'Sale' is a word of precise legal import, both at law and in equity. It means, at all times, a contract between parties to give and to pass rights of property for money, which the buyer pays or promises to. pay to the seller for the thing bought and sold."

And in the. same work the court finds the following distinction made between a sale and an exchange: ·

"The construction of 'sale' is distinguished from 'property' (which applies only to goods), and 'exchange' (which is used of both land and goods), in that both the latter terms denote a commutation of property for property; hence, the price or consideration is always paid in money if the transaction is a sale, but, if it is a property or exchange it is paid in specific property susceptible of the valuation."

In Vol. 2 of "Words and Phrases," second series, page 370, the definition of an exchange is stated as follows:

"A 'trade' is synonymous with 'exchange,' which signifies a transfer of one or more pieces of property for other property."

The court is of the opinion that the code in the state of South Dakota, in defining a sale and an exchange simply declares the common law distinction between a sale and an exchange, and is therefore of the opinion that even though no statute in South Dakota existed defining a sale and an exchange, the Supreme Court of that state, under the common law, would have rendered the same decision. The same distinction is made between a sale and an exchange in the case of *Lucas* v. *County Recorder*, 75 Nebraska, 351 (1905), reported also in the 106th N. W., 217.

The court has examined numerous authorities, numerous text books and encyclopedias to find other authorities wherein this distinction is made between a sale and exchange, which might be applicable to the facts in this case. Only two other decisions has the court been able to find. One of these is the case of *Close* v. *Browne*, 230 Illinois, 228 (1907), reported also in the 82d N. E., 629, and in the 13th L. R. A. (N. S.),

634. Under the syllabus of the case in the L. R. A. is found a note which states that the compiler of the L. R. A. has made diligent search and fails to find any case aside from *Close* v. *Browne,* which passes upon the same legal proposition as is found in that case.

It will be noted by counsel that the case of *Close* v. *Browne* was decided in 1907, the same year that the case in South Dakota was decided. This was the case wherein the defendant firm was engaged in colonizing large tracts of western lands, which plaintiff owned, and gave to the plaintiff a contract whereby the defendant agreed to pay to the plaintiff twenty-five cents per acre as commission for sales made by him solely, and ten cents per acre on lands sold by the defendant or its other agents with his assistance, and five cents per acre on lands sold under his advice but without his assistance.

The defendant company entered into a transaction with an irrigation company, whereby the defendant company transferred its lands to the irrigation company, and in payment therefor took forty-nine per cent. of the stock of the irrigation company. The declaration under which the case was tried consisted of counts, declaring upon the contract and the common counts, including a *quantum meruit* count. The Superior Court held, in passing upon the instructions offered by the respective parties, that the transaction between the defendant and the irrigation company constituted a sale of those lands, and so advised the jury by instruction. The upper court in delivering its opinion in this case, held:

"The action of the court in holding that transaction to be sale is the principal ground upon which a reversal is sought * * *. The word 'sale' is ordinarily understood to mean a transfer of property for money. (Cases cited, Five Per Cent. Case, 110 U. S., 471.)

"In the case last cited the Supreme Court of the United States said:

" 'Sale—In the ordinary sense of the word, is a transfer of property for a fixed price in money or its equivalent.'

" 'If the purchase price is paid by the transfer of other

property, the transaction is more properly denominated an exchange or trade.'

" 'It is a familiar rule, of constant application, that courts give effect to all written instruments according to the ordinary, popular meaning of the terms employed, when nothing appears to show they were used in a different sense, and no unreasonable or absurd consequences will result from doing so.' Cites 97 Illinois, 312 * * *. There is, however, another well-known rule of construction applied to written instruments, namely, that in construing a written contract, the court will endeavor to place itself in the position of the contracting parties, and read the instrument in the light of the circumstances surrounding them at the time it was made and ·of the objects which they then evidently had in view, so that the court may understand the language used in the sense intended by the parties using it * * *. Considering this contract in the light of the circumstances surrounding the parties at the time the contract was made and of the objects which they then evidently had in view, it does not appear that they intended to use the word 'sale,' other than according to its ordinary acceptation.''

The real estate agent in that case, through his counsel. sought to recover on his contract for commission, and cited to the court authorities which hold that· real estate broker is entitled to his commission if the owner sells to the purchaser produced by him, even though the sale be made upon terms different from those stated in the brokerage contract. This same contention is made by counsel for the plaintiff in this case. The court on this point held:

"Such is the law applicable to cases where there is merely a departure from the terms of the contract, leaving the transaction substantially that provided for by the agreement, such as a reduction of the price asked or an extension of the time of payment of all or part of the consideration; but, where the transaction is wholly different from the one contemplated by the parties when the contract was made, there can be no recovery upon the contract. In this class of contracts it may fairly be presumed that the parties contemplate some slight modification in the terms of sale, provided the principles assent to such modification; but it cannot be presumed that the parties intend that the contract

shall apply to a transaction wholly different from the one which they had in view when they entered into the contract. In the latter instance, however, the broker or agent is not without a remedy. If the principal receives the benefit of the agent's services, rendered at the instance of the principal, he is liable upon a *quantum meruit*. From what we have said, it follows that the Superior Court erred in instructing the jury that the transaction constituted a sale within the meaning of the contract, and in refusing instructions offered by the appellants, which would have advised the jury that such transaction was not a sale within the meaning of the last mentioned contract."

In that case the plaintiff declared upon a *quantum meruit* count, and the court holds that there was evidence introduced to show that the agent did render some service and that therefore the agent should be permitted to recover on *quantum meruit* count. In the case at bar no service was rendered by the plaintiff, and if any recovery is had it would necessarily be on the contract.

The case of *Menifee* v. *Higgins*, 57 Ill., 51-52 (1870) is also authority for the proposition that a real estate agent who is employed to effect a sale cannot recover commission in case the property is exchanged and not sold.

This court is disposed to follow the decisions of the Supreme Court of South Dakota and of Illinois. The aforegoing cases which have been cited by the court are the only cases which the court can find which are applicable to the case at bar.

In applying the rule laid down in the case of *Close* v. *Browne* to the facts in this case, this court does not believe that the word "sale," as used in the plaintiff's contract of employment, was used in any other sense than is ordinarily used in business parlance, and that it was not the intention of the parties thereto that this contract should include an exchange of property. It seems to this court that it would be going too far to hold that an "exchange" of property is included in the contract, which only speaks of "sale" of the property. There may be many reasons why the owner of a

piece of real estate would place his property in the hands of an agent for sale, from which he would derive money consideration, when he would not place the same property in the hands of an agent for an exchange, especially when it is a matter of common knowledge that property is usually exchanged at an inflated valuation, and that in a sale he receives a money consideration and that in the case of an exchange one piece of property is substituted for another. Furthermore, the contract which was introduced in evidence is a uniform contract, used by real estate men, which is drawn by real estate men, printed by the thousands, a few blanks left for filling in to complete . the document as a contract, which is usually signed by the owner without reading the terms of the contract. In construing the terms used in this contract, the court feels that it is the law that the terms stated therein will be construed strictly against the agent who draws the contract. If the agent wishes to claim commission on an exchange as well as a sale, he should have contracted for the same.

The court accordingly finds that there has been a failure of proof in this case, within the meaning of Section 11558 cf the General Code of the state of Ohio, which provides:

"When the allegation of the claim or defense to which the proof is directed is unproved not in some particular or particulars only but in its general scope and meaning, it shall not be deemed a case of variance within the next two proceeding sections, but a failure of proof."

The court is of the opinion that the evidence which has been introduced showing an exchange of property, does not sustain the allegation in the petition of the sale of the property, and the transaction of an "exchange" of property does not fall within the terms of the contract, which provides simply for a "sale."

The court accordingly makes a finding for the defendants.